# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DAVID KONNAGAN, On behalf of )
HIMSELF and All Others Similarly )
Situated, )
                                               )
                                               )      **No. 1:10-CV-774**
          **Plaintiff,**          )
                                               )      **JUDGE MICHAEL R.**
                                               )      **BARRETT**
**v.**                                            )
                                             )
**KOCH FOODS**                      )
**OF CINCINNATI, LLC**        )
                                           )
         **Defendant.**          )

---

## ORDER OF FINAL APPROVAL AND FINAL JUDGMENT

Before the Court is the parties' Joint Motion for Final Approval of Rule 23 Class Action Settlement ("Joint Motion") and the pertinent materials filed with that motion. (Doc. _77_ & _78_.) The Court preliminarily approved the settlement agreement that is the subject of this motion (the "Agreement") by order entered on September 12, 2011 (the "Preliminary Approval Order"). (Doc. 76.) A copy of the Agreement is attached as Exhibit A and incorporated in this order by reference.

On December 16, 2011, the Court conducted a hearing (the "Fairness Hearing") to consider final approval of the Agreement. The Court has considered all matters submitted to it at the Fairness Hearing and otherwise, the pleadings on file, the applicable law, and the record. For good cause shown, and as more fully explained below, the Joint Motion is **GRANTED.** The Court **ORDERS** as follows:

1.     **Final Certification of the Rule 23 Class**. The Court finds that the proposed Rule 23 Class, as defined in the Agreement, meets the requirements of Rule

23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, for the purposes of settlement, the Court certifies the Rule 23 Class consisting of the following:

> All current and former employees of Koch Foods who have worked at any time since November 5, 2007 through July 28, 2011 in a Covered Department, excluding the individuals (other than the Named Plaintiff) who joined this litigation pursuant to 29 U.S.C. §216(b) and temporary workers who worked at Koch Foods through a third-party temporary agency.

The Covered Departments consist of: (i) processing, (ii) packing, (iii) part-time general labor, (iv) machine operators, (v) packing operators, and (vi) grinders.

2. **Class Representative.** For the purposes of settlement, the Court approves the Named Plaintiff as the Class Representative.

3. **Class Counsel.** For the purposes of settlement, the Court appoints as Class Counsel for the Rule 23 Class George E. Barrett, David W. Garrison and Scott P. Tift of Barrett Johnston, LLC and Robert E. DeRose and Katherine A. Stone of Barkan Meizlish, LLP.

4. **Approval of the Agreement.** The Court approves the Agreement and finds that it is a reasonable compromise of the claims of the Rule 23 Class that was reached by the parties after extensive discovery and intensive arms-length negotiations with the assistance of an experienced mediator. The Agreement is fair, just, reasonable and adequate to, and in the best interest of, the Rule 23 Class. It achieves a definite and certain result for the benefit of the Rule 23 Class that is preferable to continuing litigation in which the Rule 23 Class would necessarily confront substantial risk, uncertainty, delay, and cost. This Order constitutes final approval of the Agreement. The Agreement is binding on the parties to it and on all members of the Rule 23 Class excepting only

those individuals who effectively excluded themselves from the class in accordance with the terms of the Agreement (the "Opt-Outs").

5. **Notice to the Rule 23 Class.** The Court determines that the Notice Materials were given as required by the Preliminary Approval Order. The Court finds that the notice given of the proposed settlement was the best practical notice under the circumstances and provided all members of the Rule 23 Class desiring to object to the settlement with fair and adequate notice of the terms of the proposed settlement and of the Fairness Hearing. The Court finds that the Notice Materials satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and applicable law.

6. **Release of Claims.** As of the date this judgment becomes final (meaning that the time for appeal has expired with no appeal taken, all appeals are resolved and none are left pending, or this judgment is affirmed in all material respects after completion of the appellate process), the Class Representative and the Rule 23 Class, excepting the Opt-Outs, are forever barred from bringing or presenting any action or proceeding against any Released Party that involves or asserts any of the Released Claims (as those terms are defined in the Agreement). The Class Representative and the Rule 23 Class, excepting the Opt-Outs, are deemed to have released and forever discharged the Released Parties from all Released Claims.

7. **Dismissal with Prejudice.** All claims in this action are dismissed with prejudice and without costs against Koch Foods of Cincinnati, LLC.

8. **Dispute Resolution.** Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Agreement and all matters ancillary to the same.

9. **Non-Admission.** This Order and the Agreement are not evidence of, or an admission or concession on the part of, the Released Parties with respect to any claim of any fault, liability, wrongdoing, or damage whatsoever.

10. **Order for Settlement Purposes.** The findings and rulings in this Order are made for the purposes of settlement only any may not be cited or otherwise used to support the certification of any contested class or subclass in any other action.

11. **Use of Agreement and Ancillary Items.** Neither the Agreement nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in any action related or similar to this one for the purpose of establishing or supporting any claims that were raised or could have been raised in this action or are similar to such claims.

**IT IS SO ORDERED.**

 s/Michael R. Barrett
MICHAEL R. BARRETT
UNITED STATES DISTRICT JUDGE

**APPROVED FOR ENTRY:**

**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, P.C.**

By: s/Russell W. Gray
   Russell W. Gray
(Admitted Pro Hac Vice)
1800 Republic Centre
633 Chestnut Street
Chattanooga, Tennessee 37450
Telephone: (423) 756-2010
Facsimile: (423) 752-9563

Scott W. Pedigo (Admitted Pro Hac Vice)
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, PC
4268 I-55 North
Meadowbrook Office Park (39211)
P. O. Box 14167
Jackson, Mississippi 39236
Telephone: (601) 351-2400
Facsimile: (601) 351-2424
Email: spedigo@bakerdonelson.com

Peter M. Burrell
STRAUSS & TROY
150 E. Fourth Street
The Federal Reserve Bldg., 4th Floor
Cincinnati, OH 45202-4018
Telephone: (513) 621-2120

*Counsel for Defendant Koch Foods of*
*Cincinnati, LLC*

**BARRETT JOHNSTON, LLC**

By: s/David W. Garrsion
   George E. Barrett
(Admitted Pro Hac Vice)
  David W. Garrison (Admitted Pro Hac
Vice)
  Scott P. Tift (Admitted Pro Hac Vice)
217 Second Avenue North
Nashville, TN 37201
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

Robert DeRose
Katherine Stone
BARKAN NEFF HANDELMAN
   MEIZLISH, LLP
360 S. Grant Avenue
P.O. Box 1989
Columbus, OH 43216-1989
Telephone: 614-221-4221
Facsimile: (614) 744-2300

*Counsel for Plaintiff*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

David Konnagan, on behalf of
himself and all others similarly
situated,

      Plaintiffs,                           Case No.  1:10-cv-774

v.

Koch Foods of Cincinnati, LLC            Judge Michael R. Barrett

      Defendant.

## ORDER GRANTING PRELIMINARILY APPROVAL OF
## RULE 23 CLASS ACTION SETTLEMENT

Before the Court is the parties' Joint Motion for Order Preliminarily Approving

Rule 23 Class Action Settlement ("Joint Motion") and the pertinent materials filed with

that motion (Docs. 72 & 73).  For good cause shown, and as more fully explained

below, the Joint Motion is **GRANTED**.  The Court **ORDERS** as follows:

1. **Preliminary Certification of the Rule 23 Class.**  For the purposes of settlement

   only, the Court preliminarily finds that the proposed Rule 23 Class, as defined in the

   Settlement Agreement between the parties (Doc. 73-1) (the "Agreement"), meets the

   requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil

   Procedure.  Accordingly, the Court preliminarily certifies for settlement purposes

   only, the following proposed Rule 23 Class:

> All current and former employees of Koch Foods who have
> worked at any time since November 5, 2007, through July
> 28, 2011, in a Covered Department, excluding the
> individuals (other than the Named Plaintiff) who joined this
> litigation pursuant to 29 U.S.C. §216(b) and temporary

workers who worked at Koch Foods through a third-party
temporary agency.

The Covered Departments consist of: (i) processing, (ii) packing, (iii) part-time general
labor, (iv) machine operators, (v) packing operators, and (vi) grinders.

2. **Nullification.**  This Order will be null and void and of no force or effect, and this
   action will proceed as though a class had never been certified, if the Agreement is
   not finally approved by the Court or if the Agreement, after being finally approved by
   the Court, is invalidated on appeal or terminated pursuant to its own terms.

3. **Class Representative.**  The Court conditionally approves the Named Plaintiff as the
   Class Representative.

4. **Class Counsel.**  The Court conditionally appoints as Class Counsel for the Rule 23
   Class George E. Barrett, David W. Garrison, and Scott P. Tift of Barrett Johnston,
   LLC and Robert E. DeRose and Katherine A. Stone of Barkan Meizlish, LLP.

5. **Preliminary Approval of the Agreement.**  The proposed settlement set forth in the
   Agreement appears, upon preliminary review, to be fair, reasonable, and adequate.
   The Agreement is approved for submission to the Rule 23 Class for their
   consideration at a hearing under Rule 23(e) of the Federal Rules of Civil Procedure.

6. **Claims Administrator.**  Class Action Administration, Inc. (the "Claims
   Administrator") is approved as administrator of the claims process as set forth in the
   Agreement.

7. **Fairness Hearing.**  A Fairness Hearing will be held on Friday, December 16, 2011,
   at 9:30 a.m. to consider final approval of the Agreement.  Any Rule 23 Class
   member who wishes to object to the Agreement will be heard at that time.
   Objections must be made in writing by mailing such objections to the Claims

Administrator and must be received by the Claims Administrator within sixty days after the entry date of this Order. Each objection must include the objector's name, address, telephone number, signature, and social security number. Each objecting Rule 23 Class member must state the reasons for the objection to the Agreement. If the objecting Rule 23 Class member wishes to speak at the Fairness Hearing, the written objection must so state and specifically identify all witnesses and materials that the objecting Rule 23 Class member will present at the hearing. Any objecting Rule 23 Class member who fails to properly or timely provide his or her objection to the Claims Administrator will not be heard during the Fairness Hearing and such objection will not be considered by the Court. The Claims Administrator will file objections with the Court and provide them to Class Counsel and Defense Counsel as set forth in the Agreement.

8. **Notice to the Class.** The Notice of Class Action, Proposed Settlement and Fairness Hearing (the "Notice") attached as Exhibit F to the Agreement and the Opt-Out Statement attached as Exhibit F-1 to the Agreement (collectively the "Notice Materials") are approved. The Court orders that the Claims Administrator mail the Notice Materials via first-class mail to the Rule 23 Class within twenty-eight days after the entry date of this Order. Any member of the Rule 23 Class who wishes to opt out of the class must do so by properly completing the Opt-Out Statement and mailing it to the Claims Administrator. The Opt-Out Statement must be received by the Claims Administrator within sixty days after the entry date of this Order. All members of the Rule 23 Class who do not timely and properly exclude themselves from the class will be bound conclusively by all of the terms of the Agreement, if

finally approved, and by any judgment entered upon final approval. The Claims Administrator will file returned opt-out statements with the Court and provide them to Class Counsel and Defense Counsel as set forth in the Agreement.

9. **Voiding the Agreement.** Pursuant to the Agreement, if 110 or more individuals elect to opt out of the Rule 23 Class, Koch Foods will have the right, in its sole discretion, to void this Agreement by filing with the Court a notice of withdrawal. In no event will Koch Foods file such a notice of withdrawal later than seventy-four days after the entry date of this Order. If Koch Foods files a timely notice of withdrawal, then this Agreement becomes null and void and this action will resume as it existed immediately prior to the execution of the Agreement.

10. **Order for Settlement Purposes.** The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in this action or any other action.

11. **Stay.** All proceedings in this action, other than such proceedings as may be necessary to carry out the terms and conditions of the Agreement, are stayed and suspended until further order of the Court. Pending final approval of the Agreement, Named Plaintiff, the Original Class Members, and the members of the Rule 23 Class are barred from commencing, prosecuting, continuing, or asserting in any forum, either directly or indirectly, on their own behalf or on behalf of any class or other person, any Released Claim against any Released Party (as those terms are defined in the Agreement).

12. **Use of Agreement and Ancillary Items.**  Neither the Agreement (whether or not it is finally approved), nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation), will be admissible or offered into evidence in this action or any related or similar action for the purpose of establishing or supporting any claims that were raised or could have been raised in this action or are similar to such claims.

    **IT IS SO ORDERED.**

_s/Michael R. Barrett_____
UNITED STATES DISTRICT JUDGE

**APPROVED FOR ENTRY**:

*lsl Robert E. DeRose*
Robert E. DeRose
Bar Number: 0055214
Katherine A. Stone
Bar Number: 0085600
BARKAN MEIZLISH HANDELMAN
GOODIN DEROSE WENTZ, LLP
250 East Broad Street
10th Floor
Columbus, OH 43215
Telephone: (614) 221-4221
Facsimile: (614) 744-2300
Email: bdcrosc@barkanmcizlish.com
      kstone@barkanmcizlish.com

George E. Barrett (Admitted Pro Hac Vice)
David W. Garrison (Admitted Pro Hac Vice)
Scott P. Tift (Admitted Pro Hac Vice)
BARRETT JOHNSTON, LLC
217 Second Avenue North
Nashville, TN 37201
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
Email: gbarrett@barrettjohnston.com
      dgarrison@barrettjohnston.com
      stift@barrettjohnston.com

*Counsel for Plaintiffs*

*/s/ Russell W. Gray*
Russell W. Gray (Admitted Pro Hac Vice)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
1800 Republic Centre
633 Chestnut Street
Chattanooga, Tennessee 37450
Telephone: (423) 756-2010
Facsimile: (423) 752-9563
Email: rgray@bakerdonelson.com

Scott W. Pedigo (Admitted Pro Hac Vice)
BAKER, DONELSON, BEARMAN.
CALDWELL & BERKOWITZ, PC
4268 I-55 North
Meadowbrook Office Park (39211)
P. O. Box 14167
Jackson, Mississippi 39236
Telephone: (601) 351-2400
Facsimile: (601) 351-2424
Email: spcdigo@bakedonclson.com

Peter M. Burrell
Bar Number: 0044139
John M. Levy
Bar Number: 0077897
STRAUSS & TROY
The Federal Reserve Building
150 E. Fourth Street
Cincinnati, OH 45202
Telephone: (513) 629-9422
Facsimile: (513) 241-8259
Email: pmburrell@strausstroy.com
      jmlevy@strausstroy.com

*Counsel for Koch Foods of Cincinnati, LLC*